## 31943. DAVIS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Billy Wayne Davis appeals his conviction and life sentence for murder. He contends that co-defendant Billy Sunday Birt's testimony was not adequately corroborated, that the state improperly injected his character into the trial by introducing evidence of other crimes, and that several charges given were inaccurate statements of the law while others requested were incorrectly refused. We affirm.

1. Davis' first enumeration raises the question whether the trial court erred in overruling his motion for a directed verdict on the ground that the co-defendant's testimony was not adequately corroborated. The standard set out in *West v. State,* 232 Ga. 861 (209 SE2d 195) (1975), and recently reiterated in *Baker v. State,* 238 Ga. 389 (1977), requires the state to introduce *independent* evidence, even if slight, which not only corroborates the co-defendant's testimony, but also links the defendant to

the crime. While the state presented sufficient evidence to corroborate co-defendant Billy Sunday Birt's statement, Davis urges that independent evidence did not link him to the crime. We disagree.

Charles Reed and Bobby Gaddis both testified that they had been playing poker in the basement of a house on Davis' used car lot in Austell with Birt, Davis and Otis Ridling when a conversation arose about a prior game involving Davis and the victim in this case, Charles Mack Sibley. At that game, Sibley had won about fourteen thousand dollars from Davis, who had been forced to give Sibley an "I owe you." Apparently Birt suggested to Davis that they rob Sibley and pay him back with his own money. Davis countered that he had a better idea. Gaddis testified that a meaningful look was then exchanged between Birt and Davis, while Birt stated that Davis suggested that they not only rob, but also murder, Sibley.

Birt testified that Davis, Birt, and Ridling carried out their plan the next night. Birt and Davis entered Sibley's house using a key and waited for their victim to come home. Meanwhile Ridling cruised by at fifteen minute intervals. When Sibley came home, the two robbed him of several thousand dollars, then Birt put him into a closet and shot him. His body was discovered the next day. Davis paid Birt with cash and a car.

Gaddis' and Reed's testimony concerning the poker game was sufficient independent evidence linking Davis to the crime, whether or not he was actually present at the scene. Therefore, the trial court did not err in failing to direct a verdict in favor of Davis.

2. In enumerations of error 2 through 13, Davis claims his character was put in issue by the state by introducing evidence of other unrelated crimes. After a careful review of these enumerations, we find that this evidence was admissible to show motive, scheme, intent, and modus operandi, or the jury was instructed to disregard it, or it was harmless error. *Campbell v. State,* 234 Ga. 130 (214 SE2d 656) (1975); *Googe v. State,* 237 Ga. 175 (227 SE2d 51) (1976).

Furthermore, we find that the charge as given presented accurate statements of the law. There is no requirement that the court charge in exactly the

requested language when the principles are covered by the charge given. *Teal v. State,* 234 Ga. 159 (214 SE2d 888) (1975). There was no error in refusing to charge on gambling as such a charge was not material to the case. Therefore, Enumerations 14 through 17 have no merit.

The judgment convicting Davis for the murder of Mack Sibley must be affirmed.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Gunter and Ingram, JJ., who dissent.*

SUBMITTED JANUARY 28, 1977 — DECIDED FEBRUARY 23, 1977 — REHEARING DENIED MARCH 8, 1977.

*Johnson & Jones, Jean E. Johnson, Jr.,* for appellant.

*John T. Perren, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

INGRAM, Justice, dissenting.

I dissent from Division 2 of the majority opinion and from the judgment. See *Hill v. State,* 236 Ga. 831, 832 (225 SE2d 281)(1976).