44482. HOLLIMAN v. THE STATE.
(356 SE2d 886)

GREGORY, Justice.

Jerry Holliman was convicted in the Superior Court of DeKalb County of the felony murder of Amos Cody.[1] We affirm.

At 8:00 p.m. on Sunday, October 5, 1986, Holliman's ex-wife, Della Frazier, and Amos Cody returned to her home following a weekend trip to Hilton Head, South Carolina. As they pulled to a stop in front of Ms. Frazier's condominium, Holliman drove up and parked on the passenger side of Mr. Cody's automobile. Ms. Frazier asked him to leave. Holliman left but called Ms. Frazier a few minutes later to ask about money she allegedly owed him and about the trip. Ms. Frazier told him that she did not know what money he was talking about and that the trip was none of his business. Shortly thereafter, Holliman walked into Ms. Frazier's condominium swinging an automobile jack. She testified that Holliman stated he was going to kill them. Ms. Frazier then ran to a neighbor's home and called the police. When the police arrived, they found Amos Cody lying on the sidewalk in front of the condominium. He had been stabbed several times. A trail of blood led from the condominium to Mr. Cody. He subsequently died from a stab wound to the back.

At trial, the court, after the close of the evidence, instructed the jury, *inter alia,* on malice murder, felony murder, voluntary manslaughter, aggravated assault, simple assault, and the defenses of accident and self-defense. Regarding the offense of aggravated assault, the trial court charged the jury that "[a] person commits aggravated assault when he assaults another person with intent to murder, rape, or rob; or with a deadly weapon, or with any object, device or instrument which, when used offensively against a person, is likely to, or actually does, result in serious bodily injury." Holliman concedes there were no errors in the original jury instructions.

After deliberating for some time, the jury sent the court a note requesting a recharge on the definitions of malice murder and felony murder. After questioning the jury foreperson, the trial judge learned that the jury's true concern was with the definition of malice. The

---

[1] Holliman was indicted in the November term, 1986. He was found guilty on February 5, 1987. No motion for new trial was filed. The transcript was certified by the court reporter on March 20, 1987 and docketed in this court on March 26, 1987. This appeal was submitted to the court on briefs on May 8, 1987.

trial court then proceeded to recharge the jury on the offense of malice murder. After recharging on malice murder, the court charged the jury with regard to felony murder. "Now, I further charge you that a person also commits the crime of murder when, in the commission of a felony, in this case the offense of aggravated assault which I have defined to you and charged to you, he causes the death of another human being, irrespective of malice. Under our law, aggravated assault is a felony. I have defined aggravated assault to you . . . . You would not be authorized to convict the defendant of felony murder unless you found beyond a reasonable doubt that the murder occurred *without intent* but during the commission of a felony, and the felony in this case is the felony of aggravated assault. So unless you found aggravated assault beyond a reasonable doubt, you would not be authorized to convict the defendant of felony murder." (Emphasis supplied.) The court did not recharge the jury on the offense of aggravated assault.

1. Holliman alleges that the above instruction was defective because use of the phrase "without intent" could have led a reasonable juror to believe that the defendant could be found guilty of felony murder without proof of the intent necessary to be guilty of the underlying felony.

The primary difference between the offenses of malice murder and felony murder is that felony murder does not require malice or the intent to kill. *Burke v. State*, 234 Ga. 512, 514 (216 SE2d 812) (1975). Felony murder does, however, require that the defendant possess the requisite criminal intent to commit the underlying felony. For the conviction in this case to stand, the jury must have found that the defendant possessed the criminal intent to commit aggravated assault.

The court's recharge could perhaps have been improved by including the words "to murder" after the words "without intent" so that it stated ". . . unless you found beyond a reasonable doubt that the murder occurred without intent to murder but during the commission of a felony . . . ." But, in light of the entire charge, we do not believe any substantial confusion was created by the recharge as given and that the meaning we clearly perceive was also understood by the jury.

2. The evidence meets the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 24, 1987.

*John Oliver Ellis, Jr.,* for appellant.
*Robert E. Wilson, District Attorney, Linda W. Hunter, Assistant*

*District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.