## S91A1218. DAVIS v. THOMAS.
### (410 SE2d 110)

CLARKE, Chief Justice.

In 1976 Billy Wayne Davis was convicted of the murder of Charles Mack Sibley and sentenced to life imprisonment. His conviction was affirmed by this court. *Davis v. State*, 238 Ga. 490 (233 SE2d 189) (1977). Subsequently, Davis filed a petition for habeas corpus in which he alleged that certain instructions to the jury during his trial unconstitutionally shifted the burden of proof to him. The habeas court denied Davis' petition, and we granted his application for prob-

able cause.

1. Two witnesses testified at Davis' trial that they heard Davis and his co-defendant, Billy Sunday Birt, discuss the fact that Davis owed the victim $14,000. They testified that Birt suggested robbing the victim to repay him with his own money, but that Davis stated he had a "better idea." Birt testified that Davis stated that they should kill him as well as rob him. Birt testified that he, Davis and a third party waited for the victim the following night and robbed him when he returned home. Birt then put the victim in a closet and shot him. Birt testified that Davis paid him for his participation in these crimes with $4,000 and a car.

Davis' defense at trial was that he was not present at the scene, and that he did not participate in the murder.

The trial court charged the jury that "[a] person of sound mind and discretion is presumed to intend the natural and probable consequences of his act, but the presumption may be rebutted." Davis argues that because this charge has been held to be unconstitutionally burden shifting, *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985), the habeas court erred in denying his petition for relief. However, the United States Supreme Court has held that jury instructions which impermissibly shift the burden of proof to the defendant are not so basic to a fair trial that they can never be harmless beyond a reasonable doubt. *Rose v. Clark*, 478 U. S. 570, 579-580 (106 SC 3101, 92 LE2d 460) (1986). "When the verdict of guilty reached in a case in which *Sandstrom*[1] error was committed is correct beyond a reasonable doubt, reversal of the conviction does nothing to promote the interest that rule serves." Id. at 580.

In the case before us petitioner Davis was indicted for malice murder. He maintained at trial that he did not participate in the crimes in question. In considering this defense in context of the evidence presented, the only issue was whether Davis committed the act. Because he could not have committed this act without the intent to do so, a separate finding of intent was unnecessary. The jury determined that Davis did commit murder, and the evidence was sufficient to support its verdict under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We conclude that under the facts of this case, any error in the charge on intent was harmless beyond a reasonable doubt. *Williams v. Kemp*, 255 Ga. 380 (338 SE2d 669) (1986); *Chapman v. California*, 368 U. S. 18 (87 SC 824, 17 LE2d 705) (1967).

Davis argues, however, that the jury may have been persuaded by

[1] *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979) provided the basis for the United States Supreme Court's decision in *Francis v. Franklin*, supra.

the state's argument that he was a party to the crime of murder, and as such was required to find that he intentionally aided or abetted in its commission. Davis maintains that under *Drake v. Kemp*, 762 F2d 1449 (11th Cir. 1985), the evidence of his intent to aid in the commission of the crime must be "overwhelming," id. at 1457, in order for the charge on intent to be harmless, and that the evidence fails to meet this standard.

Without determining whether *Drake* presents the correct standard for evaluating harmless constitutional error in view of the Supreme Court's subsequent decision in *Rose v. Clark*, supra, we adhere to our conclusion that the instruction in question is harmless beyond a reasonable doubt. As the United States Supreme Court has pointed out,

> In many cases, the predicate facts conclusively establish intent, so that no rational jury could find that the defendant committed the relevant criminal act but did not *intend* to cause injury. . . . In that event the erroneous instruction is simply superfluous. *Rose v. Clark*, supra at 580-581.

In this case there was testimony from the co-defendant Birt that Davis had planned and executed the crimes along with him, corroborated by testimony of other witnesses that Davis owed a substantial debt to the victim, and that Birt and Davis had plotted to rob him. On direct appeal this court found that there was "sufficient independent evidence linking Davis to the crime, whether or not he was actually present at the scene." *Davis*, 238 Ga. at 491. The jury's determination that the petitioner participated in the murder conclusively established his intent to commit this crime.

2. Davis argues that the habeas court erred in not finding that the trial court's charge on malice unconstitutionally shifted the burden of proof from the state to him. The trial court charged the language of OCGA § 16-5-1 (b), that "malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart."

This issue was raised on direct appeal, and this court determined that it had no merit. Davis recognizes the principle that one who had an issue decided adversely to him on direct appeal is precluded from relitigating that issue on habeas corpus, see *Gunter v. Hickman*, 256 Ga. 315 (348 SE2d 644) (1986), but argues that the law regarding burden shifting instructions has changed since his direct appeal was decided.

However, the merits of Davis' argument have been rejected in *Baisden v. State*, 258 Ga. 425 (369 SE2d 762) (1988), and most recently in *Gooden v. State*, 261 Ga. 691 (410 SE2d 113) (1991).

The judgment of the habeas court is therefore affirmed.
*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 15, 1991.

*Boling, Rice & Bettis, Jeffrey S. Bagley,* for appellant.
*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard C. Litwin, Mary H. Hines,* for appellee.