## S91A1571. GOODEN v. THE STATE.
### (410 SE2d 113)

CLARKE, Chief Justice.

Earnest J. Gooden was convicted of the malice murder of Minnie M. Jeffery and sentenced to life imprisonment.[1]

The defendant and victim had been involved in a tempestuous relationship for several years. The defendant was also intimately involved with Agnes Watkins. On July 22, 1990, the defendant was driving Watkins' car. He testified that he encountered a police roadblock, removed the gun Watkins kept under the front seat of the car, and placed it on the seat so that there would be no trouble with the police. He subsequently picked up the victim in Watkins' car. The de-

---

[1] The crime occurred on July 22, 1990 and an indictment was returned against the defendant on September 4, 1990. He was tried December 4-6, 1990, and sentenced December 18, 1990. The defendant was granted an out of time appeal on May 30, 1991, and his motion for new trial was filed on June 26, 1991. The trial court denied the motion for new trial on June 27, 1991, and the case was docketed in this court on August 23, 1991. The appeal was submitted on briefs on October 4, 1991.

fendant testified that the victim asked him to move the gun from the front seat, and as he did so the gun accidentally discharged, striking the victim in the head. The defendant drove the victim to the hospital where she died from this injury four days later.

There was testimony from numerous witnesses that the defendant had frequently threatened to kill the victim. One witness testified that she had heard the defendant tell the victim he would "blow [her] brains out." Other witnesses testified that the victim had stated she wished to discontinue her relationship with the defendant, but was afraid of him.

A firearms examiner from the State Crime Lab testified that the safety feature on the gun in question was working, and the gun would not discharge if dropped. This witness further testified that it would take a minimum of four pounds of pressure to pull the trigger on the gun. The witness gave his opinion that the gun would discharge only if the trigger were pulled.

There was also evidence that the defendant had worked as a security officer, and had been trained in the handling of firearms.

1. We conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant argues that the trial court erred in charging that "malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." The defendant maintains that this charge shifted the state's burden of proof to him, as well as denied him his sole defense of accident.

The defendant's attacks on this charge, which tracks the language of OCGA § 16-5-1 (b), have been rejected in *Baisden v. State*, 258 Ga. 425 (369 SE2d 762) (1988); *Flynn v. State*, 255 Ga. 415 (2) (a) (339 SE2d 259) (1986); and *McMichael v. State*, 252 Ga. 305 (313 SE2d 693) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 15, 1991.
Murder. Fulton Superior Court. Before Judge Williams.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Mary H. Hines,* for appellee.