S91A1662. BARRON v. THE STATE.
(411 SE2d 494)

CLARKE, Chief Justice.

Tommy Jacob Barron was convicted of the malice murder of Connie Lewis Morton, and possession of a firearm during the commission of a crime. He was sentenced to life imprisonment and a term of years, respectively, for these crimes.[1]

The defendant worked as a night clerk in a convenience store in Peach County. The jury was authorized to find that at approximately 3:45 a.m. the victim drove to the convenience store to purchase gasoline for his automobile. While the store advertised that it was open 24 hours daily, the store policy was to close between 2:00 and 4:00 a.m. for cleaning and re-stocking. When the victim found that the store

---

[1] The crimes occurred on April 4, 1991 and the defendant was tried June 24 and 25, 1991. He was sentenced on June 25, 1991. He filed a motion for new trial on July 22, 1991 which was denied August 23, 1991. His appeal was docketed in this court on September 13, 1991, and submitted on briefs on October 25, 1991.

was closed, he began pounding on the door to be let in. The defendant came to the door and refused to open it for the victim. They quarreled, and the victim returned to his car. A short time later two newspaper delivery persons arrived at the convenience store. When the defendant opened the door to allow these people to enter, the victim again approached the store asking to buy some gasoline. When the defendant refused, the victim asked for the telephone number of the defendant's supervisor, stating that he would see to it that the defendant was fired. As the victim turned away, the defendant fired three shots, striking the victim twice in his side and back. The victim was unarmed.

The defendant testified in his own behalf that the victim pushed him and ripped the "closed" sign from the door when he refused to open the store. He testified that he shot the victim because he feared the victim had a gun in his pocket.

Eyewitnesses to these events testified that while the victim was angry, they did not see him strike the defendant.

1. Considering this evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant cites several jury charges by the trial court which he maintains unconstitutionally shifted the burden of proof from the state to him. We find that some of these charges permitted, but did not require, the jury to draw certain inferences based upon the evidence offered by the state. As such, they did not mandate the jury to draw any particular conclusions and did not shift the burden of proof. *Isaacs v. State*, 259 Ga. 717 (35 b) (386 SE2d 316) (1989). Other charges complained of have been upheld by this court in recent cases. *Baisden v. State*, 258 Ga. 425 (369 SE2d 762) (1988); *Gooden v. State*, 261 Ga. 691 (410 SE2d 113) (1991).

3. The trial court charged the following language of OCGA § 16-5-2 (a):

A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder.

The defendant maintains that this instruction was mandatory, and shifted the burden of proof to him because it required the jury to find him guilty of murder if it determined that there was a sufficient interval between the provocation and the killing. We disagree.

The jury instruction placed no burden of proof on the defendant. Rather, it merely defined for the jury those circumstances which constitute the offense of voluntary manslaughter, as well as certain circumstances which constitute the offense of murder. As the state points out, the instruction leaves the responsibility of finding facts and characterizing those facts to the jury. It does not lessen the state's burden; rather, to prove the offense of murder when the issue of voluntary manslaughter is present in the case, the state is required to prove that there was "an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard."

4. The trial court's charge on self-defense was tailored to the evidence and adequately covered the principles in the charge requested by the defendant. That the trial court's charge was not in the precise language requested by the defendant is not a ground for reversal. *Jenkins v. State*, 260 Ga. 231 (391 SE2d 397) (1990).

5. The defendant argues that the trial court erred in failing to charge the jury on the law of robbery, burglary, criminal trespass, aggravated assault, aggravated battery and terroristic threats. As there was no evidence to support any of the requested charges, the trial court did not err in failing to give them.

6. The trial court did not err in refusing the defendant's request to charge the jury on the disparity in size between the defendant and the victim. The evidence presented at trial does not support the defendant's contention that the victim's size was a factor in the shooting.

7. We have examined the remaining issues raised by the defendant and find that they do not constitute grounds for reversal.

*Judgment affirmed. Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED JANUARY 9, 1992.

*Robert M. Bearden, Jr.*, for appellant.

*Willis B. Sparks III*, District Attorney, *Thomas J. Matthews*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, for appellee.