## S92A0586. MARTIN v. THE STATE.

(418 SE2d 12)

CLARKE, Justice.

James Edward Martin was convicted of felony murder and sentenced to life in prison. He appeals.[1] We affirm.

In the early hours of the morning of June 26, 1990, appellant's mother, Phyllis Jean Martin, woke him up to talk. Appellant left the room with her, telling his girl friend to put on radio headphones and to go back to sleep. Appellant and his mother soon began to argue. When his mother slapped him, appellant left the room, retrieved two baseball bats and a steel rod. He beat his mother in the head and killed her. He then woke his girl friend and demanded that she assist him in disposing of the body. He put the victim in the trunk of her car and left it in a wooded area of Walton County.

1. Appellant first asserts that the verdict is contrary to the evidence. He argues that the evidence demonstrated that he acted out of a sudden, violent and irresistible passion resulting from serious provocation. Therefore, he says, a verdict of voluntary manslaughter — not felony murder — was required.

In *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), this court adopted a modified merger rule that applies where aggravated assault is the felony underlying the charge of felony murder. In that case we stated,

[I]f there is but one assault and that assault could form the basis of either felony murder or voluntary manslaughter, a verdict of felony murder may *not* be returned if the jury finds that the assault is mitigated by provocation and passion. Id. at 866.

Here, in contrast to *Edge*, the jury returned a verdict of felony murder and did not return a verdict of voluntary manslaughter. Our own review of the evidence reveals that a verdict of voluntary manslaughter was not required. Although appellant presented evidence that he was very upset, there was also evidence that his relationship with his mother had been deteriorating for weeks. His argument with her on the night of the crime was about the same subjects that they had been arguing about for years. He had told co-workers prior to the crime that he might have to kill her. The only provocation was his mother's slap. He left the room to get baseball bats and a steel rod

---

[1] The crime occurred on June 26, 1990. Appellant was indicted in August 1990. He was convicted of felony murder on March 8, 1991 and sentenced to life imprisonment the same day. Appellant filed a motion for new trial which was denied on December 19, 1991. The notice of appeal was filed on January 14, 1992. The case was docketed in this court on February 17, 1992 and was submitted for decision without oral argument on April 3, 1992.

and returned to beat her in the head. On this evidence, the jury could have concluded that he did not intend to kill her, but did intend to commit an aggravated assault on her. Thus, the evidence was sufficient to support a verdict of felony murder under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Next, appellant contends that the trial court erred in giving a sequential charge on murder, felony murder and voluntary manslaughter which precluded the jury's full consideration of a voluntary manslaughter verdict. Although the sequential murder charge was disapproved in *Edge,* supra, no contemporaneous objection to the charge was made at trial. The issue was not preserved for appeal. *Rivers v. State*, 250 Ga. 303 (298 SE2d 1) (1982).

3. Appellant's third enumeration of error relates to two statements that were admitted into evidence. He alleges that the police failed to read him the *Miranda* warnings before he made the first statement; and the second statement was involuntary because he was too upset to waive his rights. The trial court considered appellant's objections to the admission of the two statements at a *Jackson v. Denno* hearing. The trial court concluded that no *Miranda* warnings were required before the first statement because appellant was not in custody and was not a suspect at that time; the court concluded that the second statement was voluntarily made. These findings are not clearly erroneous. We conclude that there was no error in the admission of the two statements. *Thomas v. State*, 259 Ga. 202 (378 SE2d 686) (1989).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 6, 1992.

*Hearn & Childers, Eugene M. Benton,* for appellant.
*Alan A. Cook, District Attorney, Michael J. Bowers, Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.