S92A0940. TAYLOR v. THE STATE.
(422 SE2d 430)

BENHAM, Justice.

Appellant was convicted of felony murder for the stabbing death of the victim.[1] The evidence at trial showed that appellant and the victim, after a day of drinking alcohol and using drugs, argued and fought. Part of the fight was witnessed by a police officer and parts of

---

[1] The homicide was committed on June 27, 1990, and appellant was indicted for malice murder and felony murder on August 29, 1990. Convicted of felony murder on February 1, 1991, appellant filed a motion for new trial which was granted on April 27, 1991, on the ground of a faulty jury charge. Tried for felony murder only at a trial commencing September 16, 1991, appellant was convicted on September 18, 1991, and was sentenced to life imprisonment on that same day. Appellant's motion for new trial filed on October 7, 1991, was denied by an order filed December 20, 1991. A notice of appeal to this court was filed on January 16, 1991; the appeal was docketed in this court on April 29, 1992; and oral argument was had on June 29, 1992.

it were witnessed by others. At the conclusion, when the police officer required the combatants to separate, the victim collapsed. His subsequent death after arriving at the hospital was caused by a single stab wound to the abdomen. A knife which a pathologist testified was consistent with the victim's fatal wound was found at the scene and appellant's girl friend gave police officers an identical knife from the apartment she shared with appellant. Appellant fled the scene of the stabbing, explaining later that his flight was due to his possession of drug paraphernalia. At trial, he testified that he and the victim had argued about drugs and money, that he had hit the victim when the victim tried to take money from him, and that the victim then pulled out a knife which, in the ensuing struggle, must have been pushed into the victim.

1. Although much of the evidence was circumstantial, it was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder. *Hardy v. State*, 258 Ga. 635 (373 SE2d 361) (1988); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In one enumeration of error, appellant complains of two elements of the trial court's charge regarding felony murder:

> If it should be proved to you to the extent required by law that the defendant, unintentionally and without malice, caused the death of the alleged victim while in the commission of the crime of Aggravated Assault with a deadly weapon, then you would be under the duty to find the Defendant guilty of Felony Murder.

(a) Appellant first contends that the charge relieves the jury of the necessity of finding malice in the underlying felony, permitting the jury to convict without finding an intent to commit the aggravated assault. We disagree. It is clear that the phrase "unintentionally and without malice" refers not to the aggravated assault, but to the killing. The charge in this case is more clear than that considered in *Holliman v. State*, 257 Ga. 209 (1) (356 SE2d 886) (1987), and we find, as we did in *Holliman*, that no substantial confusion was created by the charge.

(b) Appellant next contends that the trial court's use of the word "duty" in the charge prevented the jury from considering the question of provocation. We do not find the charge to produce such an effect.

In *Sutton v. State*, 262 Ga. 181 (415 SE2d 627) (1992), we suggested that it would be better practice to use the charge in the current edition of the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2d ed. 1991), but found no error in the charge as given.

That holding applies here as well, and we find no merit in appellant's suggestion that the combination of that word with the charge discussed in the first part of this division deprived appellant of meaningful jury consideration of whether the homicide was the result of provocation. The trial court gave a correct charge on voluntary manslaughter and on provocation and we find no ground for reversal in the jury charge.

3. In charging on the included offense of voluntary manslaughter, the trial court directed a sequential consideration:

> In the event you should find that the State has not proved the Defendant guilty of the crime of Felony Murder to the extent required by law, you would go further and determine whether or not the State has proved the Defendant guilty of the lesser included offense of Voluntary Manslaughter to the extent required by law.

Appellant correctly asserts that this is essentially the same charge we disapproved in *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992), and insists that the giving of the charge entitles him to a new trial. The State's response is that *Edge* does not apply here because the trial in this case took place five months before our decision in *Edge*. We must decide, therefore, whether the holding in *Edge* disapproving of the sequential charge is to be applied retroactively.

In deciding this issue, we have been strongly influenced by considerations of fairness and the even-handed administration of justice. In order to ensure that similarly situated defendants are treated similarly and to maintain the integrity of the judicial process while still providing finality, we deem it appropriate to adopt the "pipeline" approach, that is, that a new rule of criminal procedure (here, the disapproval of the sequential jury charge on murder and manslaughter) will be applied to all cases then on direct review or not yet final.[2] Accord *Griffith v. Kentucky*, 479 U. S. 314 (107 SC 708, 93 LE2d 649) (1987). Application of the new rule to a pending case will, of course, depend on the preservation of the issue for appellate review, which was accomplished in the present case by appellant's reservation of the right to raise objections to the jury charge on appeal. See *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979).

---

[2] This rule is consistent with the long-standing rule applied in civil cases that a reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered . . . where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law. [*City of Valdosta v. Singleton*, 197 Ga. 194, 208 (28 SE2d 759) (1944).]

Adoption of the rule stated above results in the application of *Edge* to the present case, which in turn leads to the conclusion that the sequential charge given in the present case requires that appellant be given a new trial.

*Judgment reversed. Clarke, C. J., Hunt and Fletcher, JJ., concur; Bell, P. J., and Sears-Collins, J., concur in part and dissent in part.*

BELL, Presiding Justice, concurring in part and dissenting in part.

I concur in the judgment of reversal, but, for the reasons given by Justice Sears-Collins in the second paragraph of her opinion, I disagree with Division 2 (b) of the opinion of the Court, *Taylor v. State*, 262 Ga. 584, 585 (2b) (422 SE2d 430) (1992), insofar as it holds that the trial court's use of the term "duty" did not prevent the jury from considering the issue of provocation.

SEARS-COLLINS, Justice, concurring in part and dissenting in part.

I agree with Division 3 of the majority opinion and concur in the judgment of reversal based thereon. However, for the reasons that follow, I dissent to Division 2 (b) of the majority opinion and would also reverse the judgment based on the issue raised by Taylor in that division. First, for the reasons given in my dissent to *Sutton v. State*, 262 Ga. 181, 182-184 (415 SE2d 627) (1992), I disapprove of jury instructions that inform a jury that it has the duty to convict where the evidence proves a criminal defendant is guilty beyond a reasonable doubt.

Moreover, the use of such language in the felony murder charge in this case perpetuates the problem created by the sequential charge we disapproved in *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992), and now hold to be error in this case, majority, p. 585. If a court charges a jury that it has the duty to convict a defendant of felony murder if it finds the state has proven the defendant guilty of that crime beyond a reasonable doubt, the jury might not "go on to consider evidence of provocation or passion which might authorize a verdict for voluntary manslaughter." *Edge*, supra, 261 Ga. at 867. For this reason, a trial court should not give a felony murder charge containing the foregoing "duty" language. In fact, as suggested in fn. 3 in *Edge* at 867, I conclude that a trial court, after charging on the statutory definitions of the crimes involved, should instruct the jury that, if it finds the defendant killed the victim out of provocation or passion, it would be authorized to convict of voluntary manslaughter but would not be authorized to convict of felony murder. Such a charge is the only way to insure that the jury gives proper consideration to the verdict of voluntary manslaughter.

DECIDED NOVEMBER 5, 1992 —
RECONSIDERATION DENIED DECEMBER 2, 1992.

*Russell C. Gabriel,* for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Bradley McClung, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney,* for appellee.