S92A1498. GRADY v. THE STATE.

(424 SE2d 781)

Sears-Collins, Justice.

The appellant, Geraldine Grady, appeals from her conviction of the felony murder of Marvin Solomon.[1] For the reasons that follow, we reverse.

1. Contrary to Grady's fifth enumeration of error, we find that the evidence was sufficient to support her conviction for felony murder. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In her first enumeration of error, Grady contends that the trial court violated *Edge v. State,* 261 Ga. 865, 867-868 (414 SE2d 463) (1992), by giving a sequential jury charge on murder and voluntary manslaughter. We agree and hold that Grady is entitled to a new trial. First, Grady is correct that the charge given in this case violated *Edge.* Moreover, because we have held that *Edge's* disapproval of the sequential jury charge "will be applied to all cases then on direct review or not yet final," *Taylor v. State,* 262 Ga. 584 (3) (422 SE2d 430) (1992), and because Grady's case was "not yet final" when this Court decided *Edge,* the rule announced in *Edge* applies to the present case. Finally, Grady preserved her right to raise this issue on appeal by reserving her right to object to the jury charges on appeal. Id. For these reasons, we must grant Grady a new trial because of the sequential charge given by the trial court. Id.

3. In Grady's second enumeration of error, she contends that the trial court erred by permitting the state to rebut her good character evidence with evidence of a 22-year-old felony conviction. We find no error. Although the lapse of time may have rendered evidence of the conviction inadmissible as evidence of an independent transaction, *Gilstrap v. State,* 261 Ga. 798, (1) (b) (410 SE2d 423) (1991), we conclude that the rationale for that exclusion, id. at 798-799, does not support the exclusion of the evidence for impeachment purposes. Cf. *Cook v. State,* 255 Ga. 565, 576 (13) (b) (340 SE2d 843) (1986) (a

---

[1] The crime occurred on March 24, 1990. Grady was indicted on May 25, 1990, and was found guilty and sentenced on January 31, 1991. Grady filed a motion for new trial on February 25, 1991, and the court reporter certified the transcript on April 10, 1991. Grady amended her motion for new trial on October 7, 1991, and again on June 4, 1992. The trial court denied the motion for new trial, as amended, on June 5, 1992. Grady filed her notice of appeal on June 24, 1992. The appeal was docketed in this Court on September 2, 1992, and was orally argued on November 9, 1992.

prior conviction over 30 years old was not excludable from evidence as a statutory aggravating circumstance on the ground it was too old to be relevant). The trial court did not err in admitting evidence of the conviction. See *Emmett v. State*, 199 Ga. App. 650, 652 (4) (405 SE2d 707) (1991).

4. Because of our holding in Division 2, supra, we need not address Grady's remaining enumerations of error.

*Judgment reversed. Clarke, C. J., Hunt, P. J., Benham, Fletcher, Sears-Collins, JJ., and Judge Brooks E. Blitch III concur; Hunstein, J., not participating.*

DECIDED JANUARY 20, 1993.

*Michael R. Hauptman,* for appellant.

*Lewis R. Slaton, District Attorney, Barry I. Mortge, Joseph F. Burford, Assistant District Attorneys, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Assistant Attorney General,* for appellee.