### S93A0463. JEFFERSON v. ZANT.
(431 SE2d 110)

CLARKE, Chief Justice.

Lawrence Joseph Jefferson was convicted in Cobb County of murder and sentenced to death. We affirmed the conviction and death sentence in *Jefferson v. State,* 256 Ga. 821 (353 SE2d 468) (1987). Jefferson filed a petition for writ of habeas corpus in Butts Superior Court. After hearing, the petition was denied. He appeals from that denial. We affirm.

1. Jefferson first complains that the habeas court's 45-page final order was "ghost-written" by the state. Jefferson contends that because the habeas judge did not personally draft the final order, he was denied a judicial review of the evidence. The final order, Jefferson contends, amounts to no more and no less than a reply brief to which Jefferson has not had a chance to respond. Jefferson argues that we should therefore review this case de novo or at least under a lower-deference standard of review than the "clearly erroneous" standard of OCGA § 9-11-52.

---

[2] The opinion issued by this court in Case No. S93Y0668 on May 10, 1993, is hereby vacated.

The state concedes that it drafted a proposed final order at the court's request that was adopted verbatim by the habeas court. The state contends, however, that while courts have been criticized for delegating to prevailing parties the sometimes arduous task of drafting orders, the practice is constitutionally acceptable, at least where, as here, copies were furnished to the opposing party before being adopted by the court.

In *Anderson v. City of Bessemer City*, 470 U. S. 564, 572 (105 SC 1504, 84 LE2d 518) (1985), the U. S. Supreme Court observed:

> We, too, have criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties, particularly when those findings have taken the form of conclusory statements unsupported by citation to the record. [Cits.] We are also aware of the potential for overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has decided in their favor. [Cit.] Nonetheless, our previous discussions of the subject suggest that even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous.

Accord *Fields v. City of Tarpon Springs,* 721 F2d 318, 320 (11th Cir. 1983).

The 45-page order in this case is well supported by citations to the record and was adopted by the habeas judge as his own. We decline Jefferson's invitation to accord the order less deference than mandated by OCGA § 9-11-52.

2. A party may, but is not required to, file an amended answer to an amended pleading. Allegations in an amended petition are "deemed denied or avoided" even in the absence of an answer. *Building Associates v. Crider*, 141 Ga. App. 825, 826 (1) (234 SE2d 666) (1977).

Jefferson's second amended petition was filed minutes before the evidentiary hearing. After the hearing, and almost a year before the final order was issued, the state filed a post-hearing brief raising the issue of procedural default as to a number of Jefferson's claims. See OCGA § 9-14-48 (d); *Black v. Hardin*, 255 Ga. 239 (336 SE2d 754) (1985).

We do not agree with Jefferson that the state waived any issues of procedural default, or that he was denied notice and the opportunity to plead or prove such cause and prejudice as would excuse any procedural default. Compare *Baxter v. Kemp*, 260 Ga. 184 (2) (391 SE2d 754) (1990). Jefferson "has had ample opportunity to present [his] arguments." *In re Colony Square Co. v. Prudential Ins. Co. of*

*America*, 819 F2d 272, 277 (11th Cir. 1987).

3. Jefferson contends his trial counsel were ineffective in many ways, but his major complaints about the final order of the habeas court on the subject are two:

(a) First, Jefferson points out that the order refers to a nonexistent "affidavit" from attorney Michael Hauptman. However, while Jefferson did not present an affidavit from Hauptman, Jefferson did present testimony concerning the reasonableness of trial counsel's performance in the form of live testimony from attorney Michael Mears and an affidavit from attorney George Kendall.

Although the final order mistakenly refers to an attorney who did not testify, the court correctly determined that opinion testimony from other attorneys concerning the performance of Jefferson's trial attorneys was irrelevant. See *Zant v. Hamilton*, 251 Ga. 553, 554 (307 SE2d 667) (1983).

Whether an attorney's trial tactics are reasonable "is a question of law," not fact. *Stevens v. Zant*, 968 F2d 1076, 1083 (11th Cir. 1992). The test for reasonable attorney performance

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . we are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately. *White v. Singletary*, 972 F2d 1218, 1220-1221 (11th Cir. 1992).

The court's mistake concerning the name on the affidavit is immaterial.

(b) Second, Jefferson contends the final order ignores one of his strongest claims, which he calls his "*Blanco* claim," see *Blanco v. Singletary*, 943 F2d 1477 (11th Cir. 1991), and also addresses mental health arguments Jefferson "never raised."

The final order does recount in its "Findings of Fact" trial counsels' investigation of Jefferson's mental condition and their strategy and tactics relating to their investigation — all of which was relevant to any evaluation of trial counsels' performance, even if trial counsels' discovery that Jefferson was not mentally retarded, or incompetent to stand trial, or insane at the time of the crime was not dispositive to the use of mental health evidence at the *sentencing* phase. As we have recognized,

> evidence of mental illness not sufficient to sustain an insanity defense under Georgia law might appropriately be of-

fered and considered in mitigation of sentence. *Hicks v. State*, 256 Ga. 715, 729 (21) (352 SE2d 762) (1987).

The final order addresses in the "Conclusions of Law" Jefferson's specific contentions concerning mental health evidence in mitigation. Final Order at pp. 36-37.[1] Hence, we do not read the Final Order as "pretending" the mitigation issue does not exist, as Jefferson contends.

Nor were the merits of Jefferson's claim ignored simply because the order fails to cite a particular case.

*Blanco v. Singletary*, supra, is readily distinguished from this case. Blanco's attorney failed to prepare *at all* for the sentencing phase until *after* Blanco was convicted. His attorney failed to conduct *any* investigation into his mental condition, and failed to put up *any* evidence in mitigation. Id. at 1500-1503.

In this case, by contrast, Jefferson's attorneys prepared extensively for a possible sentencing phase, including travelling to Jefferson's home in Kentucky to interview family members and obtaining a psychological evaluation by a psychologist recommended to them by the American Civil Liberties Union. The psychologist reported that Jefferson was of average intelligence, and, although he was impulsive, immature, had poor impulse control and would "pursue immediate gratification without properly considering possible consequences," he was not psychotic or seriously mentally ill. Compare *Christenson v. State*, 261 Ga. 80 (2) (c) (402 SE2d 41) (1991).

The report did suggest that a neuropsychological evaluation might be "worthwhile . . . to rule out an organic etiology." However, in subsequent telephone conversations with Jefferson's attorneys, the psychologist indicated that further examination would not likely be beneficial because Jefferson did not have serious mental problems and was of normal intelligence. Counsel explained that in light of this advice, as well as their own observations of Jefferson and Jefferson's adamant assertion that he had not committed the crime, they concluded that there was no reason to explore further any mental issue, or to call the psychologist to testify in mitigation.

Counsel must investigate defendant's background before sentencing. [Cit.] The adequacy of the scope of an attorney's investigation is to be judged by the standard of reasonableness. [Cit.] After an adequate investigation, counsel may reasonably decide not to present mitigating character evidence at

---

[1] In addition, the Final Order addresses another issue raised by Jefferson concerning the possible use of such evidence on the issue of the admissibility of Jefferson's pre-trial statements.

sentencing. [Cit.] *Bush v. Singletary*, 988 F2d 1082, 1091 (11th Cir. 1993).

Jefferson's counsel investigated the possibility of mental mitigation and concluded that there was nothing substantive to develop. The record supports the finding that Jefferson's counsel did not believe, and had no reason to believe, that Jefferson suffered mental deficiencies that could have been exploited in mitigation.

> Given the finite resources of time and money that face a defense attorney, it simply is not realistic to expect counsel to investigate substantially all plausible lines of defense. A reasonably competent attorney often must rely on his own experience and judgment, without the benefit of a substantial investigation, when deciding whether or not to forego a particular line of defense without substantial investigation so long as the decision was reasonable under the circumstances. *Gates v. Zant*, 863 F2d 1492, 1498 (11th Cir. 1989).

Although other attorneys might have explored the mental issue further, we cannot conclude that the investigation by and tactical judgment of Jefferson's attorneys was outside the wide range of reasonably effective assistance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Since we agree with the habeas court that there was no deficient attorney performance, we need not address the issue of prejudice. *Hance v. Kemp*, 258 Ga. 649 (2) (373 SE2d 184) (1988).

4. We need not address the remaining contentions in Jefferson's brief. The judgment denying habeas relief is affirmed for reasons contained in the court's final order and the additional reasons enunciated in this opinion.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 1993 —
RECONSIDERATION DENIED JULY 27, 1993.

*Schreeder, Wheeler & Flint, J. Christopher Desmond,* for appellant.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.