## S95A1427. ROULAIN v. MARTIN.
### (466 SE2d 837)

CARLEY, Justice.

After a jury trial, James Edward Martin was found guilty of felony murder and his conviction was affirmed on appeal. *Martin v. State,* 262 Ga. 312 (418 SE2d 12) (1992). He then filed a petition for a writ of habeas corpus, contending that the trial court gave a sequential charge which had been disapproved in *Edge v. State,* 261 Ga. 865 (414 SE2d 463) (1992). After conducting a hearing, the habeas court granted the writ and Warden Roulain appeals.

1. As a general rule, state habeas corpus relief cannot be granted unless the petitioner can demonstrate compliance with the applicable "Georgia procedural rules at trial and on appeal. . . ." OCGA § 9-14-48 (d). Under Georgia procedure, the right to urge error in the trial court's charge can be waived. *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979). "Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default. . . ." *Rivers v. State,* 250 Ga. 303, 309 (7) (298 SE2d 1) (1982). The procedures for securing review of a trial court's charge are no less applicable to those sequential charges which were disapproved in *Edge* than to charges dealing with any other issue. *Grady v. State,* 262 Ga. 682 (2) (424 SE2d 781) (1993); *Lee v. State,* 262 Ga. 593, 595 (5) (423 SE2d 249) (1992); *Taylor v. State,* 262 Ga. 584, 586 (3) (422 SE2d 430) (1992).

Martin's right to urge error as to the giving of a sequential charge was raised and resolved in his direct appeal.

> Although the sequential murder charge was disapproved in *Edge,* supra, no contemporaneous objection to the charge was made at trial. The issue was not preserved for appeal. *Rivers v. State,* [supra].

*Martin v. State,* supra at 313 (2). Since this issue was raised and resolved in Martin's direct appeal, it should not have been readdressed by the habeas court. "[O]ne who had an issue decided adversely to

him on direct appeal is precluded from relitigating that issue on habeas corpus, [cit.]. . . ." *Davis v. Thomas,* 261 Ga. 687, 689 (2) (410 SE2d 110) (1991).

It is immaterial that the habeas court opined that this Court erred in determining that Martin had failed to preserve the sequential charge issue for review. The habeas court had no authority to consider whether this Court erred in its disposition of Martin's appeal. To the contrary, the habeas court was bound by this Court's ruling that the sequential charge issue had not been preserved. The "law of the case" doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases. *Bryant v. State,* 197 Ga. 641, 645 (1) (30 SE2d 259) (1944). Thus, in this civil action, the habeas court, as well as this Court, would certainly be bound by the ruling in *Martin v. State,* supra at 313 (2), regardless of whether that ruling may be erroneous. See *Northwestern Mut. Life Ins. Co. v. Suttles,* 201 Ga. 84, 97 (1) (38 SE2d 786) (1946); *Southern Bell Tel. &c. Co. v. Glawson,* 140 Ga. 507, 508 (1) (79 SE 136) (1913). Martin's contention that this Court erred in its ruling in *Martin v. State,* supra at 313 (2), should have been raised in a timely filed motion for reconsideration, rather than in a subsequent habeas corpus petition filed in a lower court.

2. Moreover, Martin himself requested a sequential charge which was similar to that disapproved in *Edge.* Accordingly, even if there had been no general waiver of the right to urge error in any of the trial court's charges pursuant to *Rivers,* supra, Martin nevertheless specifically waived his right to urge error in the giving of the sequential charge. *Wynn v. State,* 262 Ga. 839, 840 (2) (426 SE2d 157) (1993). He is estopped to contend that the trial court erred in giving any charge which was in accordance with his own request. *Williams v. State,* 255 Ga. 21, 23 (6) (334 SE2d 691) (1985).

Although Martin's trial preceded *Edge,* "a defendant will not be allowed to induce an asserted error, sit silently hoping for acquittal, and obtain a new trial when that tactic fails. [Cits.]" *Jackson v. State,* 234 Ga. 549, 553 (216 SE2d 834) (1975). Thus, a defendant will not be allowed to take inconsistent positions, originally urging in the trial court that a charge is not error, but subsequently urging on appeal that the charge is error. Therefore, we have consistently required that all defendants, even those whose trials preceded *Edge,* show that they preserved in the trial court the right to enumerate error as to the giving of a sequential charge. *Grady v. State,* supra; *Lee v. State,* supra; *Taylor v. State,* supra. If those defendants, who did not request a sequential charge, must show that they preserved their right to enumerate the giving of such a charge as error on appeal, then Martin, who actually requested a sequential charge, certainly cannot be allowed to complain that such a charge was given. Regardless of

when *Edge* was decided, no defendant can subsequently contend that it was error to give a sequential charge if he previously failed to comply with the applicable procedures for securing review of that issue. By making a request for sequential charge, Martin estopped himself from subsequently urging that it was error to give that charge.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., and Sears, J., who dissent.*

FLETCHER, Presiding Justice, dissenting.

The law of the case rule does not apply here because there has been an intervening change of law.[1] If a majority of this Court no longer wishes to follow the rule adopted in *Edge v. State*[2] just four years ago by a unanimous decision of this Court, they should explicitly overrule that decision.

Contrary to the majority opinion's ruling, the habeas court properly considered the sequential charge issue. On direct appeal, this Court held that the issue was not preserved for appeal due to the absence of a contemporaneous objection.[3] We did not address in *Martin I* whether a defendant could preserve the issue for appellate review by reserving the right to raise objections to the jury charge on appeal. Five months later, we decided this latter issue in Martin's favor. In *Taylor v. State*,[4] we held that a defendant does preserve the right to raise the sequential charge issue on appeal by reserving the right to raise objections to the jury charge on appeal and that the rule in *Edge* should apply to all cases that were not final when *Edge* was decided on February 4, 1992.

The majority opinion is also wrong in determining that Martin waived his right to challenge the sequential charge by requesting a similar charge at trial. Unlike the cases on which the state relies, Martin's attorney did not induce the error.[5] The trial court's charge was a correct statement of the law when given and the trial court was obligated to give the charge, whether the state or defendant requested it. It is illogical, inconsistent, and unfair for this Court to first decide that the court-made rule in *Edge* should apply retroactively to cases tried before we adopted the rule, then refuse to apply that rule retroactively because the defendant failed to foresee that this Court would change the law.

In reviewing a trial court's factual findings, this Court must apply

---

[1] See *Stanley v. United States*, 786 F2d 1490, 1498 (11th Cir. 1986), cert. denied, 483 U. S. 1020 (107 SC 3262, 97 LE2d 761) (1987); *Pettway v. American Cast Iron Pipe Co.*, 576 F2d 1157, 1190 (5th Cir. 1978), cert. denied, 439 U. S. 1115 (99 SC 1020, 59 LE2d 74) (1979).

[2] 261 Ga. 865 (414 SE2d 463) (1992).

[3] *Martin v. State*, 262 Ga. 312 (418 SE2d 12) (1992).

[4] *Taylor v. State*, 262 Ga. 584, 586 (422 SE2d 430) (1992) (decided Nov. 5, 1992).

[5] See *Edwards v. State*, 235 Ga. 603, 604 (221 SE2d 28) (1975).

the clearly erroneous standard of review.[6] The habeas court found that the court at Martin's trial gave the sequential charge that we disapproved in *Edge,* Martin preserved the issue for appellate review by reserving the right to object to the jury charge on appeal, and Martin's direct appeal was not final when we issued our opinion in *Edge.* Based on these findings, the habeas court concluded that the original charge prevented the jury from considering Martin's defense that he was guilty only of voluntary manslaughter and the recharge did not correct this defect in the original charge. Applying the *Edge* rule retroactively because Martin's case was in the pipeline when *Edge* was decided, the court granted the writ of habeas corpus and vacated Martin's felony murder conviction. Because the habeas court's factual findings were not clearly erroneous and it correctly applied our decisions in *Edge* and *Taylor,* this Court should affirm.

I am authorized to state that Justice Sears joins in this dissent.

DECIDED FEBRUARY 12, 1996 —
RECONSIDERATION DENIED MARCH 11, 1996.

*Michael J. Bowers, Attorney General, Peggy R. Katz, Assistant Attorney General, Womack & Rhyne, Ronald R. Womack,* for appellant.

*D. Garner Phillips, Michael M. Worth,* for appellee.

---

[6] *Jefferson v. Zant,* 263 Ga. 316, 317 (431 SE2d 110) (1993), cert. denied, ___ U. S. ___ (114 SC 1577, 128 LE2d 220) (1994).