598 S.E.2d 498 (2004)
278 Ga. 143
HOLLOMON
v.
The STATE.
No. S04A0994.
Supreme Court of Georgia.
June 28, 2004.
*499 Maria Murcier-Ashley, Marietta, for appellant.
Jeffrey H. Brickman, Dist. Atty., Barbara B. Conroy, Asst. Dist. Atty., Thurbert E. Baker, Atty. Gen., Andrette Watson, Asst. Atty. Gen., for appellee.
THOMPSON, Justice.
Defendant Stanley Hollomon was convicted of malice murder.[1] He appeals, asserting that the evidence was insufficient to support the jury's verdict, and that the trial court erred by failing to charge the jury fully on impeachment. Finding no harmful error, we affirm.
In the early morning hours of September 1, 2002, Delrico Slaughter saw Hollomon and Prentiss Gilliam at the entrance of a subdivision. Gilliam lived in the subdivision with his uncle, Kenneth Holden; Slaughter lived in the subdivision, too. As Slaughter approached the men, Gilliam said, "I got to have it."
Slaughter continued to watch the men. Sometime later, he saw Gilliam run across the street to hit the pedestrian light button. He saw the light change and then heard gunshots and a truck hitting something.
About that time, Holden and Levi Drain were walking toward the subdivision. As they walked, Drain saw a man run across the street and approach a pickup truck which stopped at the light at the entrance to the subdivision. The man appeared to speak to the driver of the truck and then lift a gun and shoot it two times. The driver drove off, but crashed into a tree. He died from two bullet wounds; each wound was fatal.
Holden had a feeling that his weapon had been used in the shooting. He went to his house and questioned Gilliam who stated: "I didn't do it, I didn't pull the trigger." Gilliam gave Holden the gun; Holden gave it to the police. Ballistic tests confirmed that the gun was used in the shooting.
At trial, Gilliam testified that he took his uncle's gun and gave it to Hollomon; that he and Hollomon planned to hijack a car and sell the rims; that they hid behind a sign *500 near the subdivision stop light, and pushed the pedestrian button to make the light change; that no rimmed cars came by and Hollomon grew impatient; that Hollomon approached a truck and ordered the driver to "get out, scoot over"; that the driver refused, and started to pull away; that Hollomon fired two shots, killing the driver; and that Hollomon returned the gun to him.
Wesley Evans testified that he shared a jail cell with Hollomon and Gilliam; that Hollomon slapped and hit Gilliam demanding to know why Gilliam gave up the gun; and that Hollomon admitted that he tried to highjack a truck, shot at the driver, and gave Gilliam the gun.
1. The evidence was sufficient to enable any rational trier of fact to find Hollomon guilty beyond a reasonable doubt of malice murder. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Contrary to Hollomon's assertion, the testimony of Gilliam, Hollomon's accomplice, was corroborated by other, disinterested witnesses. The credibility of those witnesses was for the jury to decide. Willingham v. State, 262 Ga. 324(2)(c), 418 S.E.2d 25 (1992). The jury did not have to find that the corroborating evidence was itself sufficient to support the verdict, or that that evidence matched the testimony of the accomplice in every detail. Slight evidence identifying defendant as a participant in the criminal act was sufficient corroboration. Bush v. State, 267 Ga. 877, 878-879, 485 S.E.2d 466 (1997).
2. Because Wesley Evans was a convicted felon, Hollomon requested a charge on impeachment by conviction. Although the trial court erred in failing to give such a charge, the error was harmless inasmuch as Gilliam, not Evans, was the primary witness against Hollomon. Compare Carter v. State, 272 Ga. 31(2), 526 S.E.2d 855 (2000) with Sapp v. State, 271 Ga. 446, 448, 520 S.E.2d 462 (1999).
Judgment affirmed.
All the Justices concur.
NOTES
[1] The crime occurred on September 1, 2002. The grand jury indicted Hollomon for malice murder, felony murder and criminal attempt to commit armed robbery. Trial commenced on April 14, 2003, and the jury found Hollomon guilty on all counts. On April 17, the trial court sentenced Hollomon to life in prison for malice murder. The other convictions were vacated as a matter of law. Malcolm v. State, 263 Ga. 369, 434 S.E.2d 479 (1993). Hollomon's timely filed motion for a new trial was denied on December 17, 2003. A notice of appeal was filed on January 16, 2004. The case was docketed in this Court on February 23, 2004, and orally argued on May 17, 2004.