## A10A1782. HIGHT v. THE STATE.

(708 SE2d 555)

BARNES, Presiding Judge.

Alfred J. Hight, pro se, appeals from the order denying, among other things, his extraordinary motion for new trial. In 1974, Hight was convicted of rape, aggravated sodomy, and kidnapping with bodily injury, and sentenced to three consecutive life sentences. Hight declined representation at trial, and following his conviction, did not file a motion for new trial or appeal. In December 2008, he, pro se, filed an "extraordinary motion for new trial; motion to correct void illegal sentences; and motion for an order expunging blank and untried indictments from defendant's files." He also filed a separate motion for appointment for counsel. Without holding a hearing, the trial court denied the motions on April 30, 2009, and Hight filed a notice of appeal in the Supreme Court on May 14, 2009. He subsequently filed an application for discretionary appeal in this Court on June 30, 2009, which this Court dismissed as untimely.[1] The Supreme Court transferred the first appeal to this Court, and it was docketed in this Court on May 6, 2010.[2]

---

[1] Hight also filed a petition for certiorari in the case this Court dismissed which was denied on February 1, 2010. *Hight v. State*, Case No. S10C0038.

[2] The State maintains that Hight's appeal should be dismissed for lack of jurisdiction because his application for discretionary appeal was dismissed as untimely, and "filing a second appeal with the Supreme Court . . . on the same issue in the same case . . . does not make [Hight's] appeal become timely or convey jurisdiction to this Court." Contrary to the State's argument, jurisdiction in this Court was based on the May 14, 2009 notice of appeal that was timely filed in the Supreme Court, after which the appeal was transferred to this Court. Because the trial court's order was final for purposes of OCGA § 5-6-34 and the denial of a motion for appointment of post-conviction counsel is directly appealable to this Court, having jurisdiction over that matter we can then address "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below." OCGA §

1. Although Hight contends as error the trial court's denial of his extraordinary motion for new trial, we do not agree. Pursuant to OCGA § 5-5-41 (a), "[w]hen a motion for a new trial is made after the expiration of a 30 day period from the entry of judgment, some good reason must be shown why the motion was not made during such period, which reason shall be judged by the court." "Normally, of course, the good reason necessary to permit the filing of an extraordinary motion for new trial consists of newly discovered evidence. However, the late filing of a motion for new trial may also be predicated on circumstances other than newly discovered evidence." *Franz v. State*, 208 Ga. App. 677, 678 (3) (432 SE2d 554) (1993).

Hight, in essence, asserted in his extraordinary motion for new trial that he was forced to proceed at trial without the assistance of counsel, and not apprised of the "disadvantages and dangers of self-representation." The record belies this contention as it reflects that when Hight's private counsel withdrew from the case, the trial court appointed Hight a public defender, but Hight refused representation. The public defender was permitted to withdraw before trial, but the trial court directed that a public defender remain with Hight during the trial and be "available to advise [him]." Here, clearly Hight's failure to file a motion for new trial was a circumstance created entirely by his refusal to accept appointed counsel. See *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985) (A convicted party may, by his own conduct, forfeit his right to appeal by sleeping on his rights.).

Thus, Hight has not demonstrated a sufficiently good reason to grant an extraordinary motion for new trial, and the trial court did not err in denying such.

2. Regarding Hight's contention that the trial court erred in denying his motion to correct his "illegal" sentence, the three consecutive life sentences for his convictions for rape, kidnapping, and aggravated sodomy were within those allowed by the law in 1974, when Hight was sentenced. See Ga. L. 1968, pp. 1282, 1283, 1299.

3. Hight also contends that the trial court erred in denying his "motion for an order expunging blank and untried indictments from defendant's files." He also appears to argue that the trial court erred in admitting into evidence the untried indictments. However, the procedure for expungement of criminal records is set forth in OCGA § 35-3-37 (c), and there is no indication in the record that Hight complied with its requirements. To the extent he argues that it was error for the trial court to admit the untried indictments, the record

5-6-34 (d). See *Regent v. State*, 306 Ga. App. 616, 617 (1) (703 SE2d 81) (2010).

reflects that during the sentencing phase, the State introduced five prior convictions in aggravation of punishment. Hight entered guilty pleas in each of the convictions. Hight did not object to the admission of the evidence, and thus "any argument as to this issue [is] waived." (Citation omitted.) *Henderson v. State*, 285 Ga. 240, 245 (7) (675 SE2d 28) (2009). See *Thomas v. State*, 305 Ga. App. 801, 803 (2) (701 SE2d 202) (2010).

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 22, 2011.

Alfred J. Hight, *pro se.*

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Daniel J. Quinn, Assistant District Attorneys,* for appellee.