In the Supreme Court of Georgia

Decided: January 22 , 2019

S18A1357. MCDONALD v. THE STATE.

ELLINGTON, Justice.

This is the second appearance of this case before this Court. In June 2002, Appellant Steve McDonald was found guilty of malice murder, three counts of felony murder, armed robbery, false imprisonment, theft by taking, and possession of a firearm during the commission of a crime. After his motion for new trial was denied, McDonald obtained new counsel and appealed to this Court, alleging numerous grounds for reversal. Finding no reversible error, this Court affirmed McDonald's convictions. *McDonald v. State*, 296 Ga. 643 (770 SE2d 6) (2015). However, we vacated McDonald's sentencing order "to the extent that it 'merged' the felony murder, armed robbery, theft by taking, and false imprisonment verdicts into the malice murder verdict." Id. at 650 (5). We noted that McDonald's "felony murder verdicts were vacated by operation of law," and we directed the trial court on remand "to merge the theft by taking verdict into the armed robbery verdict, and to impose lawful sentences on the remaining armed

robbery and false imprisonment verdicts." Id. McDonald did not file a motion for reconsideration or seek a writ of certiorari from the United States Supreme Court.

On September 20, 2017, the trial court conducted a resentencing hearing. McDonald presented no evidence during the hearing, and he made no argument suggesting that this Court's sentencing instructions were erroneous. During the hearing, the trial court merged the theft by taking count into the armed robbery count and further resentenced McDonald as follows: life imprisonment for armed robbery to run consecutive to malice murder, and ten years for false imprisonment to run concurrent to the armed robbery. McDonald timely appealed from the sentencing order, contending that the trial court erred "in issuing additional sentences because the order issued by the Supreme Court directing it to do so was in error." Finding no error, we affirm.

McDonald acknowledges that the trial court accurately followed this Court's sentencing instructions on remand; however, he argues that this Court's instructions were erroneous because we "misinterpreted the original decision made by the trial court when it initially sentenced the Appellant." McDonald argues that the trial court's original sentencing decision was "akin to a granting

of a directed verdict of acquittal" with respect to the merged offenses and "should be interpreted as such by this Court."

1. This Court has already reviewed the issue of whether McDonald should be sentenced for armed robbery and false imprisonment based on the jury's verdict and issued a decision adverse to him. Thus, our previous decision is the law of the case and is binding on us in this appeal. Although the common law "law of the case" rule was statutorily abolished in 1966,[1] the Georgia Code provides that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h). We have held that this statutory "law of the case" rule is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases. *Roulain v. Martin*, 266 Ga. 353, 354 (466 SE2d 837) (1996). Further, McDonald presented no argument or evidence at the resentencing hearing in support of his contention that the trial court's original sentencing decision was akin to having granted a directed verdict of acquittal on the merged offenses, nor has he argued that the "evidentiary posture" exception to the law of the case rule

---

[1] Ga. L. 1966, p. 609, 664 § 60 (h).

applies here. See *Moon v. State*, 287 Ga. 304, 305-306 (1) (696 SE2d 55) (2010) (Nahmias, J., concurring). Therefore, our previous decision is binding on this Court.

2. To the extent that McDonald urges this Court to reconsider claims of ineffective assistance of counsel raised by him and considered by this Court in his first appeal, the "law of the case" rule applies and our previous decision is binding on this Court. See Division 1, supra. To the extent McDonald urges this court to consider new claims of ineffective assistance of counsel, those claims are barred by the doctrine of res judicata. See *Beasley v. State*, 298 Ga. 49, 50 (779 SE2d 301) (2015) ("[T]he doctrine of res judicata precludes not only re-litigation of claims that were actually adjudicated in the prior cause of action, but those which could have been adjudicated therein."(citation omitted)).

Judgment affirmed. All the Justices concur.