In the Supreme Court of Georgia

Decided: February 4, 2019

S18A1464. HOLLMON v. THE STATE.

PETERSON, Justice.

In 2004, we affirmed Stanley Hollmon's malice murder conviction and held that his convictions for criminal attempt to commit armed robbery and felony murder had been vacated. See Hollomon (sic) v. State, 278 Ga. 143 (598 SE2d 498) (2004) ("Hollmon I"). More than a decade later, the trial court entered a sentence on the vacated criminal attempt count. Following that resentencing, in March 2018, Hollmon filed a motion for new trial seeking to raise claims that the indictment was defective and that trial counsel was ineffective for failing to raise the issue. Without specifying whether it was denying or dismissing that motion, the trial court applied our holding in Walker-Madden v. State, 301 Ga. 744, 745 (804 SE2d 8) (2017), and ruled that Hollmon could not assert the claims because he should have raised them in his first appeal. Hollmon now challenges that ruling. But because the trial court's

resentencing was a nullity, Hollmon was not permitted a motion for new trial from the resentencing. We construe the trial court's ruling as a dismissal of Hollmon's motion and affirm, and vacate the trial court's sentencing order.

1. *The trial court lacked authority to "resentence" Hollmon.*

In affirming Hollmon's murder conviction in Hollmon I, we observed that his convictions for felony murder and criminal attempt were vacated as a matter of law. See Hollmon I, 278 Ga. at 143 n.1 (citing Malcolm v. State, 263 Ga. 369 (434 SE2d 479) (1993)). According to our holding, Hollmon was not convicted of felony murder or criminal attempt, and the trial court lacked authority to change that result under the law of the case doctrine.

That doctrine provides that holdings of the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals. OCGA § 9-11-60 (h). It is well-established that the law of the case doctrine applies to holdings by appellate courts in criminal cases. See, e.g., McDonald v. State, Ga.    ,    (1) (    SE2d    ) (2019 WL 272692) (Case No. S18A1357, decided Jan. 22, 2019); Roulain v. Martin, 266 Ga. 353, 354 (1) (466 SE2d 837) (1996). Our holding that Hollmon had not been convicted of felony murder or

criminal attempt was law of the case, and the trial court was precluded from revisiting it. See Roulain, 266 Ga. at 354 (1) (under the law of the case, "[t]he habeas court had no authority to consider whether this [C]ourt erred in its disposition of Martin's appeal.").

Hollmon makes several arguments in an attempt to bypass the application of the law of the case doctrine. First, he argues that we were mistaken to vacate his criminal attempt conviction in Hollmon I. Second, he argues that we ought to declare our opinion in Hollmon I a nullity because we lacked jurisdiction over the case due to the trial court's purported failure to enter discrete sentences on each count, and thus a final judgment was not entered until the 2018 resentencing. See, e.g., Keller v. State, 275 Ga. 680, 681 (571 SE2d 806) (2002) ("[W]hen multiple counts of an indictment are tried together and the trial court does not enter a written sentence on one or more counts, the case is still pending in the trial court and is not a final judgment under OCGA § 5-6-34 (a) (1)."). Both of these arguments rest on the premise that Hollmon's convictions were not vacated prior to our disposition of Hollmon I. But our opinion made clear that they were.

If we had vacated certain convictions — as opposed to the convictions already being vacated by operation of law — our judgment line would have reflected such an action, but we simply affirmed in Hollmon I. Compare Atkinson v. State, 301 Ga. 518 (801 SE2d 833) (2017) (judgment line vacating in part due to merger error). Even if we were wrong to conclude that the convictions were vacated by operation of law, our determination still controlled and precluded the trial court from sentencing him on the vacated counts. See Hicks v. McGee, 289 Ga. 573, 578 (2) (713 SE2d 841) (2011) (the law of the case applies "despite all contentions that prior rulings in the matter are erroneous" (citation omitted)). Moreover, Hollmon cites no authority that allows a trial court to enter a new sentence on a vacated count, and we could find none. As a result, the trial court was without authority to enter its February 2018 sentence on the criminal attempt count, and that sentencing order is hereby vacated.

2. *Hollmon's motion for new trial was a nullity*.

Because the trial court lacked authority to sentence Hollmon on the vacated criminal attempt count, Hollmon's motion for new trial was a nullity. A defendant who, like Hollmon, has had a conviction affirmed on direct appeal

4

may "gain further appellate review of the judgment of conviction [only] by filing an extraordinary motion for new trial or a petition for writ of habeas corpus." Richards v. State, 275 Ga. 190, 191 n.1 (563 SE2d 856) (2002). But the errors Hollmon seeks to raise — that the indictment was defective and trial counsel was ineffective for failing to raise the challenge — could have been asserted in his first appeal and thus cannot form the basis for an extraordinary motion for new trial. See Goodwin v. State, 240 Ga. 605 (242 SE2d 119) (1978) (errors that could have been discovered through exercise of due diligence cannot form the basis of an extraordinary motion for new trial); see also State v. Smith, 276 Ga. 14, 15 (1) (573 SE2d 64) (2002) (ineffectiveness claim that could have been asserted earlier cannot form the basis of an extraordinary motion for new trial), disapproved of on other grounds by Wilkes v. Terry, 290 Ga. 54, 55-56 (717 SE2d 644) (2011). And Hollmon's pleading cannot be considered a habeas corpus petition because, as a prisoner in a state facility, he was required to file such a petition in the superior court of the county of his incarceration, which he did not do. See OCGA § 9-14-43. Therefore, we affirm the trial court's dismissal of his motion.

Judgment affirmed in part and vacated in part. All the Justices concur.