306 Ga. 169
FINAL COPY

S19A0790.  STROZIER v. THE STATE.
S19A0907.  ANTHONY v. THE STATE.

ELLINGTON, Justice.

A jury found Johnathan Anthony and Jekari Strozier guilty of a variety of crimes, including felony murder. On appeal, we held that "the trial court properly convicted [the] appellants of felony murder predicated upon unlawful participation in criminal gang activity through the commission of a simple battery [Count 4]." (Citation omitted.) *Anthony v. State*, 303 Ga. 399, 403 (2) (a) (811 SE2d 399) (2018). We also held that the jury's verdicts as to voluntary manslaughter (Count 1) and the other felony murder counts (Counts 2, 3, 5-7) were vacated by operation of law. Id. at 399 n.1. We explained that,

> [o]n the facts presented in this case, the offenses of unlawful participation in criminal gang activity through the commission of an aggravated assault [Count 12] and unlawful participation in criminal gang activity through the commission of an aggravated battery [Count 13] merge with the offense of unlawful participation in

> criminal gang activity through the commission of a simple battery [Count 10], which formed the basis for — and properly was merged into — the felony murder of which the appellants were convicted and sentenced.

Id. at 405 (2) (b). Finally, we held that the evidence was insufficient as to Count 11 (affray) and so we reversed that conviction. Id. at 401 (1). After explaining in detail how the convictions on Counts 1-3 and 5-13 had been either merged, vacated, or reversed, we affirmed the appellants' convictions as to the Count 4 felony murder *only*. We did not remand these cases to the trial court for resentencing. When the cases returned to the trial court, all the court was required to do was to file the remittiturs.

Instead, upon the return of the remittiturs, the trial court, at the urging of the prosecutor, entered an "Amended Sentence Pursuant to Supreme Court Decision" for each defendant. The court sentenced Strozier and Anthony to life imprisonment for felony murder predicated on aggravated battery (Count 3, one of the felony murder convictions that had been vacated by operation of law) and to 15 years imprisonment for criminal gang activity (Count 13,

aggravated battery, one of the predicate offenses that we held had merged into Count 10, which, in turn, had been merged into Count 4). The trial court directed a verdict of not guilty on Count 11 and noted that the remaining counts either merged or had been vacated. The appellants contend, and the State concedes, that the trial court's resentencing orders violate the law of the case rule.

Georgia's statutory law of the case rule provides that holdings of the Supreme Court in a case shall be binding in all subsequent proceedings in that case in the lower court. OCGA § 9-11-60 (h). It is well established that this rule applies to our holdings in criminal cases. See, e.g., *McDonald v. State*, 305 Ga. 5, 6 (1) (823 SE2d 280) (2019); *Roulain v. Martin*, 266 Ga. 353, 354 (1) (466 SE2d 837) (1996). In *Anthony*, we affirmed the appellants' sentences as to Count 4 only. Because the trial court was precluded from revising that holding, the amended sentencing orders are nullities that did not supersede the sentencing orders already reviewed by this Court. See *Hollmon v. State*, 305 Ga. 90, 91 (1) (823 SE2d 771) (2019) (The trial court lacked authority to "resentence" the defendant on felony

murder and criminal attempt convictions previously vacated by operation of law.). Therefore, the appellants' sentences as to Count 4 remain in effect.

*Judgments vacated. All the Justices concur.*

Decided June 10, 2019.

Murder. Cobb Superior Court. Before Judge Grubbs, Senior Judge.

Jones, Morrison & Womack, Wallace C. Clayton II, for appellant (case no. S19A0790).

Matthew K. Winchester, Jason M. McLendon, for appellant (case no. S19A0907).

John S. Melvin, District Attorney, Jesse D. Evans, John R. Edwards, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,

Vanessa T. Sassano, Assistant Attorney General, for appellee.