**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 21, 2020**

# In the Court of Appeals of Georgia

A20A1412. NELSON v. THE STATE.

McFADDEN, Chief Judge.

In 2007, after a jury trial, Jurdis Nelson was convicted of various offenses, including rape. His conviction was affirmed on appeal in an unpublished opinion. *Nelson v. State*, 332 Ga. App. XXIX (Case No. A15A1273, decided May 22, 2015) (*Nelson I*). Before, during, and after that direct appeal, Nelson filed numerous pro se motions, some while he was represented by counsel. In most of those filings, Nelson argued that the prosecution had used fabricated DNA evidence to convict him.

On June 14, 2017, the trial court entered an order denying all of Nelson's "currently-pending pro se motions," which included his motions for appointment of post-conviction counsel, his challenges to the DNA evidence, and his motions to

correct a void sentence. Nelson now appeals pro se from the June 14, 2017 order and, finding no error, we affirm.

1. *Appellate jurisdiction.*

As an initial matter, we consider our appellate jurisdiction. See *State v. Smith*, 308 Ga. App. 345, 348 (1) (707 SE2d 560) (2011) (appellate court has "a duty to inquire into its jurisdiction to review the errors alleged on appeal") (citations and punctuation omitted). In this case, Nelson appeals from an order that was final for purposes of OCGA § 5-6-34. See OCGA § 5-6-34 (a) (1) (defining final judgment as one "where the case is no longer pending in the court below"). Among other things, that final order contained a ruling denying Nelson's request for appointment of post-conviction counsel, which is directly appealable to this court. *Pierce v. State*, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011); *Hight v. State*, 308 Ga. App. 595 n. 2 (708 SE2d 555) (2011). So "we can . . . address 'all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below.' OCGA § 5-6-34 (d)." *Hight*, supra.

2. *Rulings in the trial court's June 14, 2017 order.*

The pro se motions which the trial court denied in the June 14, 2017 order fall into three broad categories: motions filed by Nelson at times when he was represented

by counsel; motions filed by Nelson *before* his direct appeal in *Nelson I*; and motions filed by Nelson *after* his direct appeal in *Nelson I* at times when he was not represented by counsel.

(a) *Rulings on pro se motions filed when Nelson was represented by counsel and motions filed before Nelson's direct appeal in* Nelson I.

Nelson's challenges to rulings on the first two categories of motions are easily disposed of. The motions which Nelson filed pro se despite being represented by counsel are legal nullities, *Ricks v. State*, 307 Ga. 168, 169 (835 SE2d 179) (2019), and although the trial court should have dismissed rather than denied those motions we may affirm the trial court's denial because the trial court did not address the merits of the motions. See *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017) (we may affirm rather than vacate trial court's "denial" of motion that should have been dismissed if trial court did not rule on motion's merits). There is also no ground for reversing the trial court's denial of motions which Nelson filed before his direct appeal in *Nelson I*. Because any errors Nelson seeks to raise in connection with those motions could have been asserted in his first appeal, they cannot form the basis for post-conviction relief. See *Hollmon v. State*, 305 Ga. 90, 92 (2) (823 SE2d 771) (2019).

(b) *Remaining rulings.*

In the remaining rulings, the trial court denied motions seeking appointment of post-conviction counsel, challenging the DNA evidence, and challenging the sentence as void. Nelson has shown no reversible error regarding those rulings.

(i) *Appointment of post-conviction counsel.*

In at least one motion filed after Nelson's direct appeal from his conviction, he sought the appointment of post-conviction counsel. The trial court denied that request on the ground that, generally, an indigent defendant is entitled to representation by counsel only for the trial and direct appeal from the conviction and sentence. See *Brooks*, 301 Ga. at 752-753 (3). Although Nelson enumerated the trial court's ruling on this issue as error, he offered no argument or citation to authority to support this claim in his appellate brief. We deem the claim abandoned pursuant to Court of Appeals Rule 25 (c) (2), which provides that "[a]ny enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned." See *Bruster v. State*, 291 Ga. App. 490, 492 (4) (662 SE2d 265) (2008) (applying Rule 25 (c) (2) to deem enumeration of error abandoned in appeal from criminal conviction brought by pro se appellant).

(ii) *DNA evidence.*

4

After the ruling in *Nelson I*, Nelson submitted numerous motions and other filings claiming that newly discovered evidence showed that DNA evidence had been fabricated. Like the trial court, we construe these as an extraordinary motion for new trial. See *Hollmon*, 305 Ga. at 91-92 (2) ("A defendant who . . . has had a conviction affirmed on direct appeal may gain further review of the judgment of conviction only by filing an extraordinary motion for new trial or petition for writ of habeas corpus.") (citation and punctuation omitted). The precise nature of the purportedly newly discovered evidence is not clear from Nelson's pro se brief and filings, but it is clear from the record that Nelson was aware of that evidence *before* his then-counsel moved for a new trial in 2013 because, in several pro se motions and other filings that he submitted to the trial court before the 2013 motion for new trial, Nelson asserted that the state's DNA evidence had been fabricated. Because Nelson could have, but did not, raise the fabricated-DNA claim in his motion for new trial, the trial court did not err in denying his extraordinary motion for new trial based on that claim. See *Bharadia v. State*, 297 Ga. 567, 573-574 (2) (774 SE2d 90) (2015).

(iii) *Void sentence.*

The trial court denied Nelson's motions challenging his sentence as void. Nelson enumerates this ruling as error but, as with his claim regarding appointment

5

of counsel, he has abandoned the enumeration by failing to support it with any argument or citation to authority in his appellate brief. See Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*