

SUPREME COURT OF GEORGIA

November 2, 2022

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

Upon consideration, the Court has revised the deadline for motions for reconsideration in this matter. It is ordered that a motion for reconsideration, if any, including motions submitted via the Court's electronic filing system, must be **received in the Clerk's Office by 2 p.m. on Wednesday, November 9, 2022**.

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

*Therese S Barnes*, Clerk

NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.



SUPREME COURT OF GEORGIA
Case No. S22A0643

November 2, 2022

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

ROBERT KYLE DOUGHERTY v. THE STATE.

Appellant was convicted of felony murder, conspiracy to commit armed robbery, abandonment of a dead body, concealing the death of another, and possession of a firearm during the commission of a felony. On March 27, 2014, a disposition was entered that failed to resolve Count 4 of the indictment, which charged Appellant with armed robbery.

On March 31, 2014, Appellant filed pro se a motion for a new trial. In September 2014, Appellant's new post-conviction counsel filed another motion for a new trial. After the trial court in January 2019 entered an order purporting to deny the motion, Appellant, through counsel, filed a notice of appeal on February 22, 2019. On July 1, 2019, this Court dismissed Appellant's appeal, Case No. S19A1281, as untimely. Specifically, Appellant's notice of appeal was not filed within 30 days after March 27, 2014, the date that "the [trial] court entered a final disposition on [A]ppellant's convictions for felony murder and other offenses[,]" according to our order; Appellant filed his pro se motion for a new trial while he was "still represented by trial counsel," making that motion "a legal nullity" under *White v. State*, 302 Ga. 315 (806 SE2d 489) (2017); and the motion for a new trial filed by post-conviction counsel "was untimely and as such did not toll the time for filing an appeal." See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after

1

entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion."). Remittitur issued on August 7, 2019.

On February 20, 2020, the trial court entered a consent order granting Appellant an out-of-time appeal, and Appellant through counsel filed an "amended" motion for a new trial on March 2, 2020. The trial court entered an order purporting to deny that motion on November 18, 2020. Appellant, through counsel, filed a timely notice of appeal. On December 14, 2021, this Court dismissed Appellant's second appeal, Case No. S22A0300, "because there [was] nothing in the record showing that Count 4 of the indictment was officially resolved, either by entry of an order of nolle prosequi or otherwise," such that "Appellant's case remain[ed] pending in the trial court[,]" under *Seals v. State*, 311 Ga. 739 (860 SE2d 419) (2021). In that posture, we held, Appellant could only "obtain review of his convictions" by "follow[ing] the procedures for interlocutory appeal[.]" See OCGA § 5-6-34 (b).

On January 18, 2022, the trial court entered an order of nolle prosequi as to Count 4. Following entry of the nolle prosequi order, Appellant filed a notice of appeal on February 1, 2022, bringing the case again before this Court. The record shows that we have issued two irreconcilable orders in Appellant's case. On the one hand, we dismissed Appellant's first appeal in July 2019, premised in part on final judgment having been entered on Appellant's convictions on March 27, 2014. On the other hand, in dismissing Appellant's second appeal in December 2021 for failure to follow interlocutory appeal procedures, we explicitly held that a final judgment had not yet been entered on his convictions. Under our December 2021 order, final judgment was not entered on Appellant's convictions until January 18, 2022.

"[A]ny ruling" by this Court "in a case shall be binding in all subsequent proceedings in that case in the lower court *and in the Supreme Court*[.]" OCGA § 9-11-60 (h) (emphasis supplied). "Georgia's appellate courts are required to adhere to the law of the case rule in all matters which they consider." *Hicks v. McGee*, 289 Ga. 573, 578 (2) (713 SE2d 841) (2011). See also *Hollman v. State*, 305 Ga. 90, 90-91 (1) (823 SE2d 771) (2019) ("It is well-established that the law of the case doctrine" as set out in OCGA § 9-11-60 (h) in the Civil Practice Act "applies to holdings by appellate courts in criminal cases."); *Roulain v. Martin*, 266 Ga. 353, 354 (466 SE2d 837) (1996) (Where this Court ruled in a direct appeal that the appellant failed to preserve any objection to a particular jury instruction, and the appellant subsequently initiated habeas corpus proceedings, the habeas court was bound under the law of the case doctrine by this Court's ruling "regardless of whether that ruling may [have been] erroneous."). After remittitur issued on August 7, 2019, in Case No. S19A1281, we have ever since been required to adhere to our ruling in the July 2019 dismissal order regarding when the judgment on Appellant's convictions became final. When the case returned to us on November 3, 2021, with the docketing of Case No. S22A0300, the law of the case doctrine prevented us from issuing a ruling that was inconsistent with that ruling, as we did in the December 2021 order that returned the case to the trial court. Thus, despite our holding in *Seals*, the trial court's entry of an order of nolle prosequi as to Count 4 was not required to bring finality to the March 2014 sentence in Appellant's case, and the January 18, 2022 nolle prosequi order could not give Appellant a new opportunity to litigate his motion for a new trial.

As to the proceedings on Appellant's granted out-of-time appeal, which resulted in the November 18, 2020 order denying his motion for a new trial, in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), this Court eliminated the out-of-time-appeal procedure in trial courts, a procedure that we had created nearly fifty years earlier. In *Cook*, we held that a trial court is without jurisdiction to decide a motion for out-of-time appeal on the merits "because there

3

was and is no legal authority[,]" that is, no constitutional or statutory authority, "for motions for out-of-time appeal in trial courts." Id. at 506 (5). *Cook* also concluded that this holding is to be applied to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at 505 (4).

Accordingly, the trial court's February 20, 2020 order granting Appellant's motion for out-of-time appeal is vacated. Without the granted out-of-time appeal, the trial court lacked jurisdiction to decide Appellant's March 2, 2020 motion for a new trial; therefore, this appeal from the trial court's November 18, 2020 order denying that motion is dismissed. In addition, this case is remanded for entry of an order vacating the November 18, 2020 order and dismissing the March 2, 2020 motion. Finally, the trial court is directed to vacate any other rulings on filings subsequent to the granted out-of-time appeal, which it similarly lacked jurisdiction to decide under *Cook*.

*All the Justices concur.*

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

*Thurbert S. Bawne* , Clerk

4

ELLINGTON, Justice, concurring.

Although I reluctantly agree with this Court's decision, under the law of the case doctrine, to vacate the trial court's order granting Robert Kyle Dougherty an out-of-time appeal, to dismiss this appeal from the order denying Dougherty's motion for a new trial on the merits, and to remand the case to the trial court, I write separately to express my discomfort with where our precedent has led us: to denying a hearing on the merits based on the simple fact that a criminal defense attorney required his client to sign a motion for a new trial, rather than signing it himself without ever formally withdrawing as counsel of record.

OCGA § 5-6-30 provides:

It is the intention of this article [i.e., the Appellate Practice Act] to provide a procedure for taking cases to the Supreme Court and the Court of Appeals, as authorized in Article VI, Sections V and VI of the Constitution of this state; to that end, this article shall be liberally construed so as *to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in [the APA].*

5

(Emphasis added.) The APA provides more reasons an appeal may *not* be dismissed than it provides grounds for dismissal. See, e.g., OCGA § 5-6-48. Yet eight years of post-conviction litigation in this case have culminated in a procedural disposition, not a merits-based decision, through no fault on Dougherty's part.

Here are the facts in rather more detail than the above order of the Court. After Dougherty participated with Stephen Lober in a 2012 attempted armed robbery that resulted in the fatal shooting of Trevorius Thomas, a Monroe County grand jury indicted Dougherty on nine counts, including armed robbery (Count 4). In 2013, Lober entered a guilty plea. At the beginning of Dougherty's trial in March 2014, the prosecutor told the court, "I'm not going to call Count 4. We're not going to proceed on the armed robbery charge." Dougherty's counsel responded, "we're okay with that," and the court commenced jury selection. A redacted indictment, omitting Count 4, was submitted to the jury when deliberations began. The jury found Dougherty guilty of felony murder, predicated on aggravated assault with intent to rob, and five related felonies. On

March 27, 2014, the trial court sentenced Dougherty to an aggregate prison term of life plus 20 years. Like the verdict form and the redacted copy of the indictment submitted to the jury, the judgment simply skipped from Count 3 to Count 5.

On March 31, 2014, four days after entry of judgment, Dougherty filed a motion for a new trial. The motion was typed on his trial attorney's letterhead. The motion contained all of the elements of what we consider a "placeholder" motion for a new trial that trial lawyers typically file: the motion correctly identified the judgment, asserted the "general grounds," requested an opportunity to amend the motion and to have a hearing after the trial transcript had been prepared and counsel had had sufficient time for review and research, and contained a certificate of service on the prosecutor. Such placeholder motions are filed by trial counsel so that a convicted defendant's rights to post-conviction review are not lost by his failure to file either a motion for a new trial or a notice of

appeal within 30 days after judgment[1] – including the right to assert that his trial attorney's performance was deficient to an extent that deprived him of his Sixth Amendment right to counsel. A convicted defendant's trial attorney is not permitted to assert a claim asserting his own ineffectiveness as counsel, but new post-conviction counsel can later amend a trial attorney's placeholder motion to assert the claim. But, for reasons that were never developed in the record, Dougherty's trial counsel did not sign the motion that was typed on his stationery. The motion had a signature line only for Dougherty, following the statement, "Defendant now files this motion over his [own] signature, representing herself [sic], until he completes financial arrangements with appellate counsel of his choice or moves this court to appoint counsel for him due to his inability to hire counsel." The trial transcript was filed less than three months later, on May 22, 2014. In August 2014, the trial court

---

[1] A placeholder motion to withdraw a guilty plea is also often filed, but the deadline for such a motion is the end of the term of court in which sentence is imposed, "which may be as short as the same day or as long as seven months." *Dos Santos v. State*, 307 Ga. 151, 158 (5) (834 SE2d 733) (2019).

ordered that Dougherty be brought to court for a motions calendar on September 17, 2014.

On September 23, 2014, new post-conviction counsel filed an entry of appearance along with another placeholder motion for a new trial on Dougherty's behalf. The trial court held a hearing on the motion on August 18, 2018. During that nearly four-year interval, the trial court entered multiple "bring back" orders, including one setting the hearing on the motion for a new trial for November 17, 2016. Post-conviction counsel requested a continuance, which the trial court granted, and the trial judge sua sponte recused himself from the case. Just four days before the scheduled August 18, 2018 hearing, post-conviction counsel amended the placeholder motion for a new trial she had filed. The trial court entered an order denying the motion on January 30, 2019. Dougherty, through counsel, filed a timely notice of appeal on February 22, 2019. In dismissing Dougherty's first appeal, for the reasons set out in our order above, we advised Dougherty that he could seek an out-of-time appeal in the trial court, citing *Rowland v. State*, 264 Ga. 872, 875-876 (452

9

SE2d 756) (1995). Under *Rowland* and other cases, an out-of-time appeal was then an available remedy when a convicted defendant's rights were lost because of trial counsel's failure to act to preserve them.

After we remitted the case to the trial court, the trial court entered a consent order granting Dougherty an out-of-time appeal, finding that Dougherty

> was entitled to an appeal as of right after his conviction and in fact exercised that right by filing a timely Motion for New Trial and subsequent Notice of Appeal. Trial counsel was ineffective for failing to withdraw from the case before the filing of [Dougherty's] pro se Motion for New Trial, which was written on said counsel's legal station[e]ry. [Dougherty] relied on trial counsel's advice in regards to protecting his appellate rights as evidenced by the Motion for New Trial being written on trial counsel's station[e]ry.

Dougherty, with assistance of counsel, then filed a motion for a new trial, and the trial court entered an order adopting its previous ruling denying Dougherty's motion for a new trial on November 18, 2020. Dougherty filed a timely notice of appeal on December 16, 2020.

10

Another year passed, and then this Court dismissed Dougherty's second appeal, Case No. S22A0300, based on a recently issued decision under which we ruled that Dougherty's case remained pending in the trial court, with no final and appealable judgment, because Count 4 was unresolved. See *Seals v. State*, 311 Ga. 739 (860 SE2d 419) (2021). Upon return of the case to the trial court, the State submitted a proposed order of nolle prosequi as to Count 4 of the indictment, and the trial court entered the nolle prosequi order on January 18, 2022. Dougherty then filed a timely notice of appeal on February 1, 2022.[2]

---

[2] Absent application of the law of the case doctrine, instead of dismissing Dougherty's appeal, we would instead be sending the case back to the trial court *again*. In cases like this one, but without an earlier dismissal order tying our hands, we have deemed motions for a new trial, although not filed within 30 days after entry of judgment on fewer than all counts of a multi-count indictment, to be merely premature, rather than untimely, under *Seals*. Such motions ripen upon entry of an order of nolle prosequi or other means of finalizing the judgment. Before the date a judgment becomes final under *Seals*, any previous ruling on a motion for a new trial is a nullity under *Southall v. State*, 300 Ga. 462 (796 SE2d 261) (2017), and *Pounds v. State*, 309 Ga. 376 (846 SE2d 48) (2020). In such cases, we remand to the trial court for a valid ruling on the pending motion for a new trial. See, e.g., *Norris v. State*, Case No. S22A0797, order vacating order denying a motion for new trial, dismissing appeal, and remanding with direction to enter an order on the motion for new trial, entered May 17, 2022.

Does Dougherty, after jumping through every hoop the law placed before him, finally get to have the last stage of the criminal process at which he enjoys the right to counsel – appellate review of the judgment? No. By the time Dougherty secured an out-of-time appeal in the trial court, as we suggested when we dismissed his first appeal, and the trial court again ruled on the merits of his motion for a new trial, we had issued *Seals*. In our December 2021 dismissal order, we declared that judgment on Dougherty's convictions actually had never become final, because of the vanished Count 4, and therefore his case needed another trip to the trial court before his convictions would be appealable. That journey, pointless according to our current ruling, kept Dougherty's case in the "pipeline" long enough so that the out-of-time appeal, which otherwise would have allowed appellate review on the merits, came to be equally meaningless by our holding in *Cook* that invalidated any proceedings flowing from a granted out-of-time appeal in a court of conviction (as opposed to in a habeas court) "if direct review of the case remains pending or if the case is otherwise not final."

By application of the law of the case rule, we are reaching through a holding in our July 2019 dismissal order, all the way back eight years to Dougherty's original 30-day window for filing a motion for a new trial. Although his trial counsel flatly abandoned him, we nevertheless presume that, at least until that 30-day window closed, the legal representation continued and hobbled Dougherty's ability to protect his rights himself. In our July 2019 dismissal order, we cited *White v. State*, 302 Ga. 315 (806 SE2d 489) (2017), for this presumption.[3] In *White*, we held that the defendant's pro se motions

---

[3] In our July 2019 dismissal order, we also cited *Tolbert v. Toole*, 296 Ga. 357 (767 SE2d 24) (2014), in which we held that "[a] formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Id. at 362. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." (Citation and punctuation omitted.) Based on that rule, a habeas petitioner could not show that his pro se notice of appeal was legally valid because he could not show from the record that he was not represented by counsel on the date he filed the notice of appeal. Id. But see *Walker v. State*, 308 Ga. 749, 753 (843 SE2d 561) (2020) (Although a convicted defendant filed pro se a timely motion for a new trial before the filing of an order allowing his counsel to withdraw, the pro se motion was effective and not a nullity because he filed it after the trial court found orally, on the-record, in open court, that the defendant had freely, intelligently, and knowingly elected to waive his right to counsel and to represent himself. "And unlike in *Tolbert*, nothing in [the] record suggest[ed] that the trial court's oral order was not understood, by the court or the defendant's existing or replacement counsel, to immediately remove [the defendant's] counsel without the entry of a written order for the purposes of allowing [the defendant] to proceed pro se.").

to withdraw his guilty plea, timely filed before the end of the term of court in which he was sentenced, were legal nullities, because,

> at a minimum, legal representation [of a defendant who enters a guilty plea] continues – unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, see USCR 4.3 (1) - (3) – through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea, during which time the court retains authority to change its prior orders and judgments on motion or sua sponte for the purpose of promoting justice.

Id. at 319.[4] The purpose of the rule that a criminal defendant cannot simultaneously exercise his constitutional right to represent himself and his constitutional right to the assistance of counsel is to prevent

---

[4] The reference to USCR 4.3 (1) - (3) is to the uniform superior court rule providing the procedures to be followed for "[a]n attorney appearing of record in any matter pending in any superior court, who wishes to withdraw as counsel for any party" to request an order permitting such withdrawal. When a client wishes to substitute counsel, an order allowing the former attorney to withdraw is not required; the substitution can be accomplished by filing a notice of substitution of counsel in the proper form. Id. See also USCR 30.2 ("Upon arraignment, the attorney, if any, who announces for or on behalf of an accused, or who is entered as counsel of record, shall represent the accused in that case throughout the trial, unless other counsel and the defendant notify the judge prior to trial that such other counsel represents the accused and is ready to proceed, or counsel is otherwise relieved by the judge.").

the disruption of dueling defenses.[5] Nothing like that happened here. In effect, at least since our decision in *White*, we are pitting these important rights against each other, to the detriment of both.

---

[5] See *Brooks v. State*, 265 Ga. 548, 551 (8) (458 SE2d 349) (1995) (A brief filed by an appellant pro se, seeking to assert an additional claim of error not asserted in the brief filed by his attorney, was not entitled to consideration because the appellant was represented by counsel in the pending appeal and could not also represent himself.). In *Cargill v. State*, 255 Ga. 616 (340 SE2d 891) (1986), overruled on other grounds by *Manzano v. State*, 282 Ga. 557 (651 SE2d 661) (2007), we explained:

> A criminal defendant has a constitutional right of self-representation which derives from the Sixth Amendment. *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). Under the Sixth Amendment, it has been held that the assertion of the right to be represented by counsel constitutes a waiver of the Sixth Amendment right of self-representation. Thus, the Sixth Amendment right does not afford the defendant the hybrid right to simultaneously represent himself and be represented by counsel.
>
> Art. I, Sec. I, Par. IX of the Constitution of Georgia, 1976 provided that "no person could be deprived of the right to defend himself, in person, by attorney, or both." However, Art. I, Sec. I, Par. IX, Constitution of Georgia, 1976, has been superseded by Art. I, Sec. I, Par. XII, Constitution of Georgia, 1983, and a person no longer has the right to represent himself and also be represented by an attorney, i.e., the right to act as co-counsel.

*Cargill*, 255 Ga. at 622-623 (citations and punctuation omitted). See Ga. Con. of 1983, Art. I, Sec. I, Par. XII ("Every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel;[.]"); *Smith v. State*, 267 Ga. 372, 377 (477 SE2d 827) (1996) ("A party does not have the hybrid right, under either the State or Federal Constitution, to simultaneously represent himself and be represented by counsel."); see generally Joseph A. Colquitt, "Hybrid Representation: Standing the Two-Sided Coin on Its Edge," 38 Wake Forest L. Rev. 55 (2003).

The result of the unrebuttable presumption of continued representation is that the right to counsel itself locks the doors of the courthouse against a convicted defendant, abandoned by his trial counsel, until the clock runs out on his rights.[6] There may be the rare defendant who, in a few short weeks, potentially while transitioning from jail into the state penitentiary system and

---

[6] In *White*, we mused that "[t]here may be some period of time after which it no longer would be reasonable to treat a convicted defendant who has not filed a timely appeal or motion extending the time to appeal, or a timely motion to withdraw his guilty plea, as still represented by his trial or plea counsel[,]" but continued: "[w]e need not decide today exactly what that period is, because Appellant filed his pro se motions seeking to withdraw his guilty pleas well before the end of the term in which the judgments of conviction and sentence on his guilty pleas were entered." 302 Ga. at 319 (2). In other words, we do not know how long the legal representation is presumed to continue, but we are certain it is long enough to outlast the statutory time limits for initiating post-conviction proceedings. I note that in deciding *White* in 2017 we expressly invoked the availability of the out-of-time appeal remedy in trial courts then available for defendant's whose rights were lost due to the ineffective assistance of counsel. A few months after we dismissed Dougherty's first appeal, we decided *Dos Santos* and doubled down on our holding in *White*, chiding that

> Georgia lawyers cannot simply abandon their criminal defendant clients immediately after the defendants enter guilty pleas and are sentenced. Defense counsel are obligated to continue to represent their clients at least until the time for these post-conviction remedies expires (and if such a remedy is timely pursued, until it is resolved).

307 Ga. at 157 (5). Again, we referred abandoned defendants to the remedy of seeking an out-of-time appeal in the trial court *or* in habeas corpus proceedings. Id. at 159 (5).

16

through the diagnostic and classification process, manages either to obtain new counsel or to have his right to self-representation formally restored to him under *Faretta v. California*, 422 U. S. 806, 818-821 (III) (A) (95 SCt 2525, 45 LE2d 562) (1975), so that his pro se filings will not be nullities. See *Martin v. State*, 306 Ga. 538, 539 n.1 (832 SE2d 402) (2019). Furthermore, many convicted defendants, robbed of post-conviction review by trial counsels' failures, can at least seek the remedy of an out-of-time appeal or other relief in habeas proceedings, albeit without any right to appointed counsel in such civil proceedings,[7] if they can file a petition for a writ of habeas corpus in time.[8] Dougherty, however,

---

[7] See *Crosson v. Conway*, 291 Ga. 220, 221 (1) (728 SE2d 617) (2012); *Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999).

[8] It is troubling that the Court's standard advisory in dismissal orders (in the post-*Rowland* era, until our 2022 decision in *Cook*) – an advisory that was included in our July 2019 dismissal order in this case – did not advise appellants that they could seek an out-of-time appeal in the jurisdiction of confinement in habeas corpus proceedings. We typically only advised them that they could seek an out-of-time appeal in the trial court under *Rowland*. As we know too well, and have documented in a great many first footnotes in murder cases, it has not been uncommon for out-of-time appeal proceedings in trial courts to take years. For some who took us at our word and filed motions for out-of-time appeals in their trial courts under *Rowland*, rather than heading directly to habeas proceedings, and whose cases unfortunately were not final when we issued *Cook*, the time wasted in seeking an out-of-time

has already lost even that dubious opportunity: his judgment became final in April 2014, far longer ago than the four years allowed under OCGA § 9-14-42 to initiate habeas proceedings.

Dougherty will never have an appellate decision on the merits of his motion for a new trial or other matters he could have raised in a direct appeal, solely because his trial attorney refused to sign that first motion for a new trial, in violation of his duties as a member of the bar and an officer of the court. Decisions of this Court have dictated this outcome.[9] How far we have strayed from the intent of OCGA § 5-6-30.

appeal in the trial court potentially consumed the time allowed for pursuing an out-of-time appeal through habeas proceedings.

[9] Given our holdings in *White* and *Dos Santos*, this is no longer a problem that can be addressed at the trial court level. See *Shank v. State*, 290 Ga. 844, 849 (5) (c) (725 SE2d 246) (2012) (admonishing "that it is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay"); *Owens v. State*, 303 Ga. 254, 260 (4) (811 SE2d 420) (2018) (noting that, despite our admonition in *Shank*, "it is clear that there remain far too many participants in our criminal justice system who are not paying sufficient attention" to the problem of post-conviction, pre-appeal delays and directing the Counsel of Superior Court Judges within six months to "submit to this Court for approval a proposed Uniform Rule of Superior Court designed to address this problem"); USCR 41.1, effective January 1, 2019 ("Counsel are reminded of their general ethical obligation to make reasonable efforts to

I am authorized to state that Justice LaGrua joins in this concurrence.

---

expedite litigation consistent with the interests of their clients. The motion for new trial shall be heard and decided as promptly as possible. . . . A ruling on the motion shall be rendered within the time period required by law upon the record on the motion being complete and the transcript and post-hearing motions or other matters being submitted.").

19